1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| COREY LAMAR SMITH, et al., | Case No.  1:14-cv-00060-LJO-SAB |
| Plaintiffs, | ORDER ADDRESSING PLAINTIFFS' OBJECTIONS TO INTRADISTRICT TRANSFER |
| v. | (ECF No. 18) |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

16

On October 28, 2013, this class action lawsuit was filed in the Sacramento Division of the Eastern District of California generally alleging civil rights violations based upon Plaintiffs in this action contracting Valley Fever while housed at Pleasant Valley State Prison, Avenal State Prison, and California Correctional Institution, Tehachapi.  Smith v. Schwarzenegger, 2:13-cv-02254-DAD (E.D. Cal.).  On January 16, 2014, the action was transferred to the Fresno Division of the Eastern District of California.  Smith v. Schwarzeneggar, 1:14-cv-00060-LJO-SAB (E.D. Cal.).  On January 28, 2014, District Judge Lawrence J. O'Neill issued an order relating this action to Jackson v. State of California, 1:13-01055-LJO-SAB (E.D. Cal.).  1:14-cv-00060-LJO-SAB, ECF No. 15.  On February 14, 2014, Plaintiffs filed objections to the intradistrict transfer in this case.

Meanwhile on February 13, 2014, Plaintiffs filed a motion for reconsideration in case no.

28

2:13-cv-02254-DAD regarding the intradistrict transfer of this action to the Fresno District.[1]   On March 21, 2014, Magistrate Judge Dale Drozd held a hearing on Plaintiffs' motion for reconsideration.  2:13-cv-02254-DAD, ECF No. 14.  On March 24, 2014, Judge Drozd issued an order addressing Plaintiffs' motion for reconsideration and ordering that the action remain in the Fresno Division.  Id. at ECF No. 15.  Although Judge Drozd has addressed the motion for reconsideration in 2:13-cv-02254-DAD, Plaintiffs objection to the intradistrict transfer remains in this case.  By this order, the Court considers Plaintiffs' objection to the intradistrict transfer to the Fresno Division.

Plaintiffs object to the intradistrict transfer in this action as venue was proper in Sacramento where the action was filed because senior officials at the California Department of Corrections and Rehabilitation who reside in Sacramento and made policy decisions are named as defendants.

Pursuant to 28 U.S.C. § 1404(a), the court "may transfer any civil action to any other district or division" where it may have been brought for the convenience of the parties and witnesses or in the interest of justice.  Further, the Local Rules of the United States Court, Eastern District of California provide that the Court may on its own motion, for good cause, transfer an action to another venue within the District.  L.R. 120(f).

The purpose of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  The Court has broad discretion in considering a transfer of venue and the issue must be decided on an individualized basis.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

As relevant here, a civil action may be brought in the judicial district in which any defendant resides or a judicial district in which a substantial part of the events giving rise to the claim occurred.  28 U.S.C. § 1291(b).  Plaintiffs bring this action against defendants who reside

---

[1] This action has two case numbers associated with it.  When filed in the Sacramento Division the case was assigned no. 2:13-cv-02254-DAD.  Upon reassignment to the Fresno Division, the case has been assigned no. 1:14-cv-00060-LJO-SAB.

1    within the Sacramento Division and the Fresno Division.  Policy decisions were made by the

2    defendants residing in the Sacramento Division and a substantial part of the events occurred in the

3    Fresno Division as the plaintiffs resided at prisons within the Division at the time they contracted

4    Valley Fever.  Venue is this action is appropriate in both the Sacramento Division and Fresno

5    Division of the Eastern District.  In determining whether to change venue between districts in

6    which venue is established to be proper in both districts, the court is to consider factors, such as:

7    "(1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses;

8    (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6)

9    feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the

10   relative court congestion and time of trial in each forum."  Hawkins v. Gerber Products Co., 924

11   F.Supp.2d 1208, 1213 (S.D. Cal. 2013).

12        While Plaintiffs allege that the majority of the witnesses will be from Sacramento, this

13   action will require a substantial number of witnesses from the three prisons located in the Fresno

14   Division, such as doctors, chief medical officers, and the wardens of the three prisons involved in

15   the litigation.  Therefore, an equal number of Defendants and witnesses are in the Fresno

16   Division.  The ease of access to evidence is a minor consideration here, as evidence is equally

17   available in the Sacramento Division or Fresno Division.  Given that the injury arose in the

18   Fresno Division, there is local interest in the controversy.

19        While the Court considers Plaintiff's choice of forum in this action, there is already a

20   similar case pending in the Fresno Division.  See Jackson v. State of California, 1:13-01055-LJO-

21   SAB (E.D. Cal.)  In Jackson, the defendants have filed a motion to dismiss which has been

22   addressed by this Court.  Transferring this action to the Fresno Division allows these cases to be

23   assigned to the same judges and avoids duplication of effort by multiple judges in this district.

24        Given the crushing caseload in the Eastern District, having the same magistrate and

25   district court judges assigned to these actions will allow the Court to consider the potential for

26   consolidation and avoid having similar motions considered by different judges.  This will avoid

27   inconsistent opinions and judgments.  Considerations of judicial economy are paramount where

28   there is a significant burden on limited judicial resources if the case is not transferred.  Hawkins,

924 F.Supp.2d at 1214.  Further, relating the cases before the same magistrate and district court judges will allow the court to consider the interest in avoiding duplicative discovery and avoiding unnecessary litigation costs.

Having reviewed the order on the motion for reconsideration issued by Judge Drozd and considered Plaintiffs' objections to the intradistrict transfer, the Court agrees with Judge Drozd that, in the interest of justice, this action should remain in the Fresno Division.

IT IS SO ORDERED.

Dated:   **March 27, 2014**

UNITED STATES MAGISTRATE JUDGE

4