1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAMAR SMITH, et al., | Case No.  1:14-cv-00060-LJO-SAB |
| Plaintiffs, | |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| FREDERICK BEAGLE, et al., | Case No.  1:14-cv-00430- LJO-SAB |
| Plaintiffs, | |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| ABDULLE ABUKAR, et al., | Case No.  1:14-cv-00816- LJO-SAB |
| Plaintiffs, | |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

26
27
28

1

| | |
|---|---|
| RICHARD ADAMS, et al., | Case No. 1:14-cv-01226- LJO-SAB |
| Plaintiffs, | |
| | ORDER CONSOLIDATING RELATED CASES |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | FOURTEEN DAY DEADLINE |
| Defendants. | |

On July 9, 2013, a class action was filed in <u>Jackson v. State of California</u>, No. 1:13-cv-01055-LJO-SAB.  On January 28, 2014, an order issued finding that <u>Jackson</u> was related to <u>Smith v. Schwarzenegger</u>, No. 1:14-cv-00060-LJO-SAB, a multi-plaintiff action filed based upon the same facts.  On March 27, 2014, an order issued finding that a similar multi-plaintiff action, <u>Beagle v. Schwarzenegger</u>, No. 1:14-cv-00430-LJO-SAB, was also a related case.

On May 9, 2014, an order issued in <u>Jackson</u>, <u>Smith</u>, and <u>Beagle</u> requiring the parties to show cause issued why these related actions should not be consolidated for pretrial purposes.  The parties filed responses to the order to show cause.  On May 28, 2014, a telephonic conference was held to address a discovery dispute and the parties to these actions were ordered to meet and confer regarding how discovery could be coordinated in these actions.

On June 2, 2014, <u>Akubar v. Schwarzenegger</u>, No. 1:14-cv-00816-LJO-SAB, was related to these actions.  The parties filed a joint discovery plan in <u>Jackson</u> on July 8, 2014.  On July 11, 2014, a further telephonic conference was held to address this discovery plan and how it would apply to these and subsequently filed actions.  On August 12, 2014, <u>Adams v. Schwarzenegger</u>, No. 1:14-v-01226-LJO-SAB was related to these actions.

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions. . . ."  Fed. R. Civ. P. 42 (a)(2).  "The district court has broad discretion under this rule to consolidate cases pending in the same district."  <u>Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California</u>, 877 F.2d 777 (9th Cir. 1989).

The purpose of consolidation is to avoid unnecessary cost or delay where the claims and

issues contain common aspects of law or fact.  E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).  In determining whether to consolidate cases, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989).

The Court finds that Jackson, although related, alleges claims for individuals at an increased risk of contracting disseminated disease and also alleges equal protections claims.  The issues raised in Jackson are sufficiently different from the remaining four actions so that it would not serve judicial efficiency to consolidate Jackson with these related actions.  Moreover, the Plaintiffs in Jackson seek class certification, further distinguishing that case from Smith, Beagle, Akubar, and Adams. Discovery in Jackson shall continue to be coordinated as previously agreed upon by the parties.  However, Jackson shall remain a separate action.

Smith, Beagle, Akubar, and Adams are all proceeding on the claim that state officials were deliberately indifferent to the substantial risk of harm by exposing the named plaintiffs to the risk of contracting Valley Fever.  The defendants are all alleged to have participated in implementing or continuing the same policy of inaction despite their knowledge of the risk.  The discovery issues in these actions for those defendants named in the separate complaints will be identical in each case.  Consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in four separate actions.

All parties in Smith, Beagle, Akubar, and Adams actions are represented by the same counsel and the complaints filed in each action are substantially identical.  While there are different Plaintiffs in each action, the complaints name the same defendants, assert the same claims, and contain the same factual allegations.  Common questions of law and fact unquestionably exist in these actions.  Further, the Court can discern no logical reason why the Plaintiffs in each case should be grouped together, as opposed to joined into a consolidated action.  Each of the individual complaints in Smith, Beagle, Akubar, and Adams combine plaintiffs who were housed at different prisons, were incarcerated during different time periods, and have different personal attributes affecting their risk of contracting disseminated disease.

The Court has recently addressed motions to dismiss in Smith and Beagle.  The motions

1   to dismiss, responsive pleadings, findings and recommendations, objections, and orders adopting

2   were substantially similar, if not identical in each instance. It is in the interest of judicial

3   economy to avoid such duplication by consolidating these actions for all pretrial purposes.

4   Consolidation will conserve judicial resources and the resources of the parties by addressing

5   identical issues in a single case.  Resolution of these actions will involve overlapping facts and

6   witnesses as to the claims raised.  It serves judicial economy to "avoid the inefficiency of

7   separate trials involving related parties, witnesses, and evidence." E.E.O.C., 135 F.3d at 551.

8        At this point in the litigation, all four of the cases are in a similar procedural posture.

9   Smith and Beagle have been granted the opportunity to file an amended complaint following the

10  District Judge's ruling on the motion to dismiss.  Defendants Igbinosa and Winslow have filed a

11  notice of appearance in Akubar.  No defendants have appeared in Adams.  All cases are set for an

12  initial scheduling conference on October 10, 2014.  Absent consolidation, the Court would

13  anticipate addressing the same motion to dismiss in Akubar and Adams that has been decided in

14  Smith and Beagle.  Consolidation of these actions will not cause a delay, but will actually

15  expedite the litigation in Akubar and Adams by allowing Plaintiffs to file a consolidated

16  complaint in the action which can be addressed by one responsive pleading.

17       There is no risk of confusion due to the consolidation of these actions, as the claims are

18  identical as to each named defendant.  Similarly, the evidence and issues will be the same in each

19  case for each defendant.  Finally, the Court can discern no prejudice to any of the parties by

20  consolidating these actions  and consolidating these actions will avoid the danger of having

21  inconsistent verdicts in the related cases.  The factors considered weigh in favor of consolidating

22  these actions for all purposes.

23       The parties in Smith and Beagle did not object to the consolidation of the actions for

24  pretrial purposes.  Since counsel are the same in all actions, the Court does not anticipate an

25  objection to consolidation in Akubar or Adams.  However, should the parties in Akubar or Adams

26  have an objection to consolidation of theses actions, they may file their objections for the Court to

27  consider.

28       While this action shall be consolidated for all pretrial purposes, the Court is aware that

4

procedurally there may come a time when severance may be appropriate. As this action progresses, the parties may file a motion for severance should the character of the action change to the point where a party believes it is prejudiced due to the consolidation of the actions.

Finally, prior to the initial scheduling conference, the parties are required to file a joint scheduling report. See Order Setting Mandatory Scheduling Conference, Smith at ECF No. 57. In addition to the contents required to be included in the report pursuant to the Order, the parties shall include a dispositive motion plan to address the manner in which dispositives motions shall be handled in this action.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   The Clerk's Office is directed to consolidate Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB; Beagle v. Schwarzenegger, No. 1:14-cv-00430-LJO-SAB; Akubar v. Schwarzenegger, No. 1:14-cv-00816-LJO-SAB; and Adams v. Schwarzenegger, No. 1:14-v-01226-LJO-SAB;

2.   Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB shall be designated as the lead case;

3.   The parties are instructed to file all documents in case No. 1:14-cv-00060-LJO-SAB;

4.   Within fourteen (14) days from the date of service of this order, Plaintiffs shall file a consolidated complaint in this action; and

5.   The Clerk's Office is directed to close the related actions.

IT IS SO ORDERED.

Dated:   **August 18, 2014**

_____
UNITED STATES MAGISTRATE JUDGE