# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOR HILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01618-AWI-SKO (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION TO CONSOLIDATE ACTION WITH CASE NUMBER 1:14-CV-00060-LJO-SAB<br><br>(Docs. 24-26) |

**I.     Background**

On August 13, 2013, Plaintiff Damor Hill ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging failure to provide medical care in violation of the Eighth Amendment. (ECF No. 1.) On May 9, 2014, the Court screened and dismissed Plaintiff's complaint for failure to state a claim. 28 U.S.C. § 1915A. (ECF No. 14.) Plaintiff was ordered to file an amended complaint within thirty days. On July 1, 2014, the Court granted Plaintiff's notice of substitution of Benjamin Pavone, Esquire, as counsel, and granted Plaintiff a ninety-day extension of time to file an amended complaint. (ECF Nos. 20-21.) On September 10, 2014, Plaintiff filed a notice of related case and motion to consolidate this action with Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB. (ECF No. 24.)

On September 22, 2014, the Court ordered Plaintiff to show cause why his motion to consolidate should not be denied and why this action should not be dismissed so Plaintiff's claims can be included in the consolidated complaint in Smith.  Plaintiff filed a response on September 22, 2014.  Based on Plaintiff's response, the order to show cause shall be discharged.

**II.     Motion to Consolidate**

The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact.  E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).  In determining whether to consolidate cases, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989).

**A.     Judicial Convenience**

The Smith case is proceeding on the claim that state officials were deliberately indifferent to the substantial risk of harm by exposing the named plaintiffs to the risk of contracting Valley Fever.  The defendants are all alleged to have participated in implementing or continuing the same policy of inaction despite their knowledge of the risk.  In his response to the order to show cause, Plaintiff represents that his claims in this action are consistent with the allegations set forth in Smith.

The Court has determined that the discovery issues in these actions for those defendants named in the complaints will be identical in each case.  Thus, consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in separate actions.  Moreover, common questions of law and fact appear to exist in these actions.

It is also in the interest of judicial economy to avoid duplication by consolidating these actions for all pretrial purposes.  Consolidation will conserve judicial resources and the resources of the parties by addressing identical issues in a single case.  Resolution of these actions will involve overlapping facts and witnesses as to the claims raised.  It serves judicial economy to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." E.E.O.C., 135 F.3d at 551.

///

**B.     Delay**

At this point in the litigation, the plaintiffs in Smith have been granted the opportunity to file a consolidated complaint. Plaintiff in this action has not filed an amended complaint and no defendants have appeared in the action. As a result, consolidation of these actions will not cause a delay, but will actually expedite the litigation in this action by allowing Plaintiff to be included in the consolidated complaint which can be addressed by one responsive pleading.

**C.     Confusion and Prejudice**

In this case, there is no risk of confusion due to the consolidation of these actions, as the claims will be identical as to each named defendant. Similarly, the evidence and issues will be the same in each case for each defendant.

Finally, the Court can discern no prejudice to any of the parties by consolidating these actions, and consolidation will avoid the danger of having inconsistent verdicts in the related cases.

Thus, the factors considered weigh in favor of consolidating these actions for all purposes.

**III.     Order**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The order to show cause, filed on September 22, 2014, is discharged;
2. The Clerk's Office is directed to consolidate this action with Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB;
3. Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB shall be designated as the lead case; and
4. The Clerk's Office is directed to close this action.

IT IS SO ORDERED.

Dated:     **September 24, 2014**                    /s/ Sheila K. Oberto
                                                                 UNITED STATES MAGISTRATE JUDGE