UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WRIGHT,<br><br>            Plaintiff,<br><br>    vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>            Defendants. | 1:13-cv-01822-AWI-GSA (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS OF SEPTEMBER 4, 2014<br>(ECF No. 10.)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR CONSOLIDATION<br>(ECF No. 13.)<br><br>ORDER FOR CLERK TO CONSOLIDATE THIS CASE WITH CASE 1:14-cv-00060-LJO-SAB |

## I.    BACKGROUND

On November 12, 2013, Plaintiff Donald Wright, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 while proceeding in pro per, alleging failure to provide medical care in violation of the Eighth Amendment.  (ECF No. 1.)

On September 4, 2014, the court entered findings and recommendations to dismiss this action based on Plaintiff's failure to comply with the court's orders of November 13, 2013 and March 10, 2014, which ordered Plaintiff to submit the court's form indicating consent to or decline of Magistrate Jurisdiction.  (ECF No. 10.)  On September 18, 2014, Plaintiff filed a stipulation to substitute Attorney Benjamin Pavone as his attorney of record.   (ECF No. 11.)  On September 18, 2014, Attorney Pavone filed a notice of related cases, objections to the findings and recommendations, and a request for consolidation, on Plaintiff's behalf. (ECF Nos. 12, 13.)  On September 26, 2014, the court approved the stipulation for substitution of attorneys. (ECF No. 14.)

## II. CONSOLIDATION

Plaintiff contends that this case is related to <u>Smith v. Schwarzenegger</u>, No. 1:14-cv-00060-LJO-SAB, because the defendant parties and claims, based on unlawful contraction of the disease known as Valley Fever, are similar within the meaning of Local Rule 123(a). Plaintiff requests consolidation of this case with <u>Smith</u>, arguing that assignment to the same judges will maximize judicial economy and efficiency.

The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact. <u>E.E.O.C. v. HBE Corp.</u>, 135 F.3d 543, 551 (8th Cir. 1998). In determining whether to consolidate cases, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." <u>Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.</u>, 720 F.Supp. 805, 807 (N.D. Cal. 1989).

<u>Smith</u> is proceeding on the claim that state officials were deliberately indifferent to the substantial risk of harm by exposing the named plaintiffs to the risk of contracting Valley Fever. The defendants are all alleged to have participated in implementing or continuing the same policy of inaction despite their knowledge of the risk.

The discovery issues in these actions for those defendants named in both complaints will be identical in each case. Consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in separate actions.

Common questions of law and fact appear to exist in these actions.

It is in the interest of judicial economy to avoid duplication by consolidating these actions for all pretrial purposes. Consolidation will conserve judicial resources and the resources of the parties by addressing identical issues in a single case. Resolution of these actions will involve overlapping facts and witnesses as to the claims raised. It serves judicial economy to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." <u>E.E.O.C.</u>, 135 F.3d at 551.

At this point in the litigation, the plaintiffs in <u>Smith</u> have been granted the opportunity to file a consolidated complaint. Plaintiff's complaint in this action has not been served, and no defendants have appeared in the action. Consolidation of these actions will not cause a delay,

but will actually expedite the litigation in this action by allowing Plaintiff to be included in the consolidated complaint which can be addressed by one responsive pleading.

There is no risk of confusion due to the consolidation of these actions, as the claims will be identical as to each named defendant.  Similarly, the evidence and issues will be the same in each case for each defendant.  Finally, the Court can discern no prejudice to any of the parties by consolidating these actions and consolidating these actions will avoid the danger of having inconsistent verdicts in the related cases.  The factors considered weigh in favor of consolidating these actions for all purposes.

In light of this order, the court's findings and recommendations of September 4, 2014 shall be vacated.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The court's findings and recommendations of September 4, 2014 are VACATED;
2. Plaintiff's request for consolidation, filed on September 18, 2014, is GRANTED;
3. The Clerk's Office is directed to consolidate this action with Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB;
4. Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB shall be designated as the lead case; and
5. The Clerk's Office is directed to close this action.

IT IS SO ORDERED.

Dated:   **September 30, 2014**           /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE