# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORROW,<br><br>  Plaintiff,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | Case No.  1:14-cv-01395-LJO-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND CONSOLIDATING ACTION<br><br>(ECF No. 14) |

On September 6, 2014, Plaintiff Michael Morrow filed this action alleging deliberate indifference in violation of the Eighth Amendment.  (ECF No. 1.)  This action was related to Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB on September 11, 2014.  On September 15, 2014, an order issued requiring Plaintiff to show cause within fourteen why this action should not be consolidated with Smith.  More than fourteen days have passed and Plaintiff has not responded to the order to show course.

The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact.  E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).  In determining whether to consolidate cases, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989).

Smith is proceeding on the claim that state officials were deliberately indifferent to the

1

substantial risk of harm by exposing the named plaintiffs to the risk of contracting Valley Fever. The defendants are all alleged to have participated in implementing or continuing the same policy of inaction despite their knowledge of the risk.

The discovery issues in these actions for those defendants named in the complaints will be identical in each case. Consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in separate actions.

Common questions of law and fact appear to exist in these actions.

It is in the interest of judicial economy to avoid duplication by consolidating these actions for all pretrial purposes. Consolidation will conserve judicial resources and the resources of the parties by addressing identical issues in a single case. Resolution of these actions will involve overlapping facts and witnesses as to the claims raised. It serves judicial economy to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." E.E.O.C., 135 F.3d at 551.

At this point in the litigation, the plaintiffs in Smith have been granted the opportunity to file a consolidated complaint. Plaintiff filed this action on September 6, 2014, and no defendants have appeared in the action. Consolidation of these actions will not cause a delay, but will actually expedite the litigation in this action by allowing Plaintiff to be included in the consolidated complaint which can be addressed by one responsive pleading.

There is no risk of confusion due to the consolidation of these actions, as the claims will be identical as to each named defendant. Similarly, the evidence and issues will be the same in each case for each defendant. Finally, the Court can discern no prejudice to any of the parties by consolidating these actions and consolidating these actions will avoid the danger of having inconsistent verdicts in the related cases. The factors considered weigh in favor of consolidating these actions for all purposes.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The order to show cause filed September 15, 2014 is discharged;
2. The Clerk's Office is directed to consolidate this action with Smith v. Schwarzenegger, No. 1:14-cv-00060-LJO-SAB;

3. <u>Smith v. Schwarzenegger</u>, No. 1:14-cv-00060-LJO-SAB shall be designated as the lead case; and

4. The Clerk's Office is directed to close the this action.

IT IS SO ORDERED.

Dated:   **October 7, 2014**

                                  UNITED STATES MAGISTRATE JUDGE