# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY CAMPBELL, et al.,<br><br>Plaintiff,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No.  1:14-cv-01559-LJO-MJS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE ACTION WITH CASE NUMBER 1:14-CV-00060-LJO-SAB**<br><br>**(ECF No. 9)** |

Plaintiffs are present and former state prisoner proceeding in this civil rights action filed on October 5, 2014 pursuant to 42 U.S.C. § 1983. On October 6, 2014, plaintiffs filed a motion to consolidate this action into a similar and more comprehensive case, *Smith v. Schwarzenegger*, 1:14-cv-00060-LJO-SAB. (ECF No. 9.)

The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact. Fed. R. Civ. P. 42(a); *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). In determining whether to consolidate cases, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest*

1

*Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989). *Smith* is proceeding on the claim that state officials were deliberately indifferent to a substantial risk of harm by exposing the named plaintiffs to the risk of contracting Valley Fever. The defendants are all alleged to have participated in implementing or continuing the same policy of inaction despite their knowledge of the risk. Moving counsel also represents plaintiffs in *Smith* and contends that claims in this action are consistent with the allegations set forth in *Smith*.

The discovery issues will be identical in each case. Consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in separate actions. Common questions of law and fact appear to exist in these actions. It is in the interest of judicial economy to avoid duplication by consolidating these actions for all pretrial purposes. Consolidation will conserve judicial resources and the resources of the parties by addressing identical issues in a single case. Resolution of these actions will involve overlapping facts and witnesses as to the claims raised. It serves judicial economy to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." *E.E.O.C.*, 135 F.3d at 551.

At this point in the litigation, plaintiffs in *Smith* have been granted the opportunity to file a consolidated complaint. No defendants have appeared in this action. Consolidation of these actions will not cause delay, but will actually expedite litigation by allowing plaintiffs to be included in the consolidated complaint which can be addressed by one responsive pleading.

There is no risk of confusion due to the consolidation of these actions, as the claims will be identical as to each named defendant. Similarly, the evidence and issues will be the same in each case for each defendant. Finally, the Court can discern no

prejudice to any of the parties by consolidating these actions. Consolidation will avoid the danger of having inconsistent verdicts in the related cases. The factors considered weigh in favor of consolidating these actions for all purposes.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office is directed to consolidate this action with *Smith v. Schwarzenegger*, 1:14-cv-00060-LJO-SAB;

2. *Smith v. Schwarzenegger*, 1:14-cv-00060-LJO-SAB shall be designated as the lead case;

3. A consolidated complaint or amendment thereto, merging all plaintiffs into one case, shall be filed not later than thirty (30) days following entry of this Order; and

4. All scheduled dates in this case are vacated and the Clerk's Office shall administratively close it.

IT IS SO ORDERED.

Dated: __October 21, 2014__          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

3