# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAMAR SMITH, et al., | Case No. 1:14-cv-00060-LJO-SAB |
| Plaintiffs, | ORDER GRANTING DEFENDANTS REQUEST FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING AND DENYING PLAINTIFFS' ORAL REQUEST FOR DISCOVERY |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | (ECF Nos. 117, 118) |
| | RESPONSIVE PLEADING DUE JANUARY 30, 2015 |

On December 4, 2014, Defendants Beard, Brazelton, Cate, Hartley, Hubbard, Hysen, Kernan, Meyer, Rothchild, Schwartz, Schwarzenegger, and Yates filed a motion for an extension of time to file a responsive pleading. Defendants Igbinoza and Winslow joined in the motion for an extention of time on December 5, 2014.

On December 5, 2014, an informal telephonic conference was held in this action. Following the informal telephonic conference, a hearing was held on Defendants' motion for an extension of time to file a responsive pleading. Counsel Matthew B. Pavone, David Elliot, Mark Ozello, and Gregg Zucker appeared for Plaintiffs; counsel Jon S. Allin, Michelle L. Angus, and Christine Ciccotti appeared for Defendants Beard, Brazelton, Cate, Hartley, Hubbard, Hysen, Kernan, Meyer, Rothchild, Schwartz, Schwarzenegger, and Yates; and counsel Susan Coleman appeared for Defendants Igbinoza and Winslow.

Defendants request an extension of time to file a responsive pleading because Plaintiffs' consolidated complaint is 276 pages with 159 Plaintiffs and adds 33 new Plaintiffs and 2 new Defendants. In requesting the extension of time, counsel has considered scheduled vacation time and office closures due to the holidays. The Court finds good cause to grant the extension of time and Defendants responsive pleading shall be due by January 30, 2015. Defendants have indicated that their responsive pleading will be a motion to dismiss and a briefing schedule for any motion brought as a responsive pleading shall be set as agreed to by the parties.

Plaintiffs also brought an oral motion for a limited opening of discovery prior to a responsive pleading being filed in this action. The Court has previously considered Plaintiffs' request to order discovery in this action, and in response ordered the parties to develop a coordinated discovery plan. (ECF No. 56.) Plaintiffs argue that Rule 26 of the Federal Rules of Civil Procedure provides the authority to conduct discovery at this stage of the litigation. Rule 26(f) states "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Initial disclosures must be made within fourteen days after the Rule 26(f) conference unless a different time is set by stipulation or order of the court. Fed. R. Civ. P. 26(a)(1)(C).

In this instance an order issued stating that "[n]o discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (ECF No. 4.) Further, the obligation to meet and confer does not initiate discovery. Once the parties and the claims to be litigated in this action are determined and the Defendants file an answer, the Court will hold a Rule 26(f) conference and an order shall issue opening discovery.

While Plaintiffs argue that they will suffer prejudice if discovery does not commence, the Court finds that Plaintiff's have failed to show any prejudice due to the current status of the discovery in this case. Defendants are assisting in obtaining properly requested copies of the individual Plaintiffs' C-files. Plaintiff's argue that those individuals who have been released from custody are in need of medical care, however this goes to the merits of the claim and not to

1 prejudice due to the status of discovery in this action.

2 Further, Plaintiffs argue that some of the defendants in this action have retired and there is
3 concern that information on their computers may be purged and lost.  "Litigants owe an
4 uncompromising duty to preserve what they know or reasonably should know will be relevant
5 evidence in a pending lawsuit, or one in the offing . . . ."  JUDGE WILLIAM W. SCHWARZER
6 ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:125 (2004) (internal quotations
7 and citations omitted); see also Leon v. Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006).  This
8 obligation, backed by the court's power to impose sanctions for the destruction of such evidence,
9 Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991), is sufficient in most cases to secure the
10 preservation of relevant evidence.  Plaintiffs have not provided any facts by which this Court
11 could find that relevant evidence is likely to be lost or destroyed prior to the defendants filing an
12 answer in this action.

13 Finally, Plaintiff's request limited discovery yet have provided no facts regarding what
14 limited discovery is being sought.  The Court notes that discovery has previously been granted in
15 this action when facts were presented showing the need to obtain the discovery prior to an answer
16 being filed.  See Order Vacating Initial Scheduling Conference, ECF No. 95 (allowing the
17 deposition of Plaintiff Baker due to health issues).  For these reasons, Plaintiffs' oral motion for
18 discovery shall be denied without prejudice on a noticed motion.

19 Based on the foregoing, IT IS HEREBY ORDERED that:

20 1. Plaintiffs' oral motion for discovery is DENIED;

21 2. Defendants' motion for an extension of time to file a responsive pleading is
22 GRANTED;

23 3. Defendants shall file a responsive pleading on or before January 30, 2015;

24 4. Plaintiffs' opposition to the responsive pleading shall be filed on or before March
25 6, 2015;

26 5. Defendants reply shall be filed on or before March 20, 2015; and

27

28

6.  A hearing on any motions brought in the responsive pleading shall be held before the undersigned on March 27, 2015 at 1:30 p.m. in Courtroom 9.

IT IS SO ORDERED.

Dated:   **December 5, 2014**

UNITED STATES MAGISTRATE JUDGE