IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ARTHUR DUANE JACKSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 1:13-cv-01055-LJO-SAB |
| COREY LAMAR SMITH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No. 1:14-cv-00060-LJO-SAB |
| IDRIS NAWABI, <br><br> Plaintiff, <br><br> v. <br><br> CATES, et al., <br><br> Defendants. | Case No. 1:13-cv-00272-LJO-SAB <br><br> JOINT DISCOVERY PLAN ORDER |

On December 5, 2014, the Court conducted an informal telephonic conference to discuss the parties' development of a joint discovery plan in these and other cases that are or will be related or consolidated. This order addresses procedures to avoid the need to conduct duplicative

1

discovery. The respective schedules for conducting discovery in these cases are or will be addressed in separate orders.

## I.

## DEPOSITIONS

Witnesses will not have to sit for a deposition more than once on the same noticed subject, except by order of the court applying the normal rules for successive depositions. Any deposition notices served during the class-certification phase in <u>Jackson</u> will be limited to issues directed to class certification.

The parties have not yet reached a consensus as to what constitutes class-certification discovery as opposed to merits discovery. To identify witnesses with relevant information, to enable witnesses and counsel to effectively prepare for depositions, and to minimize disputes arising during depositions, counsel will confer a sufficient time in advance of any deposition and attempt to reach an understanding as to the purpose and proper scope of the intended examination. Additionally Plaintiffs' counsel will conduct some written discovery in advance of noticing depositions to identify appropriate witnesses and better define the issues.

Counsel in <u>Smith</u> will receive notice of any class-certification depositions in <u>Jackson</u> and may, but are not required to, attend. Counsel for Plaintiffs in <u>Jackson</u> also represent Plaintiff in <u>Nawabi</u> and therefore will have received notice of any depositions. Because class-certification witnesses will have generally prepared to testify only as to the limited issues contemplated by the deposition notice, any examination by <u>Smith</u> counsel will be permitted only with the consent of the witness and all counsel attending the deposition.

## II.

## WRITTEN DISCOVERY, REQUESTS FOR DOCUMENTS, AND ELECTRONICALLY STORED INFORMATION (ESI)

To avoid duplicative discovery requests, Plaintiffs' counsel in <u>Jackson</u>, <u>Nawabi</u>, and <u>Smith</u> will review and approve among themselves all discovery requests propounded to the Defendants in any of these cases. Plaintiffs' counsel anticipate that some areas of disagreement might occur, but a good-faith effort will be made to avoid duplicative requests.

The parties are continuing to work on a stipulation governing requests for electronically stored information (ESI).

### III.

### MAINTENANCE OF DISCOVERY FOR USE IN RELATED CASES

Defendants will maintain a database with all discovery requests, responses, and production served in these cases and will be prepared to disclose all discovery then existing, except any private information relating specifically to individual plaintiffs, e.g., medical records and CDCR central files, to any parties bringing future cases involving the core issues presented in these cases.

IT IS SO ORDERED.

Dated: **January 5, 2015**

UNITED STATES MAGISTRATE JUDGE