# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAMAR SMITH, et al., | Case No. 1:14-cv-00060-LJO-SAB |
| Plaintiffs, | ORDER FOLLOWING INFORMAL TELEPHONIC CONFERENCE |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiffs Dion Barnett, Danny Dallas, Christopher Garner, Rodney Ray Roberts, Jeremy Romo, and Corey Lamar Smith filed this action on October 28, 2013 in the Sacramento Division of the Eastern District of California. The case was transferred to the Fresno Division of the Eastern District of California on January 16, 2014.

Following a motion to dismiss in this case and Beagle v. Schwarzenegger, 1:14-cv-00430-LJO-SAB, on August 18, 2014, the Court issued an order consolidating multiple actions against the same defendants which contained identical allegations. In ordering the consolidation of these actions, the Court found that the complaints in the actions were substantially identical, asserting the same claims against the same defendants and containing the same factual allegations. The Court further found no discernable reason why the Plaintiffs in each of the actions were grouped together rather than joined in a single consolidated action. Accordingly, the actions were consolidated into a single action, the member cases were closed, and Plaintiffs were ordered to file a single consolidated complaint. (ECF No. 82.) Multiple other similar actions have also been consolidated into this action and on November 10, 2014, Plaintiffs filed an amended complaint naming over 100 plaintiffs. On December 8, 2014, the Court granted Defendants' request for an

extension of time to file a responsive pleading and a briefing schedule for a motion to dismiss has been set. Defendants' motion is due January 30, 2015, and a hearing on the motion is set for March 27, 2015.

On December 18, 2014, Plaintiffs filed a notice that Blue v. Beard, 1:14-cv-01074-LJO-GSA, had been consolidated into this action. Two notices of related cases have subsequently been filed: Bates v. Schwarzenegger, No. 1:14-cv-02085-LJO-SAB; and Robertson v. Doe, 14-cv-00364-SAB). Both Bates and Robertson are at the pleading stage. The complaint in Bates is substantially identical to the instant case and raises the same claim that Defendants' policy of housing inmates in the endemic area of California was deliberately indifferent to the risk of contracting Valley Fever. In Roberton, Plaintiff has filed a motion to consolidate with this action.

On January 16, 2015, an informal teleconference was held in this action to address the manner in which the consolidated complaint would be amended based upon Blue being consolidated into this action and the related actions that are appropriate for consolidation.

In this action, Plaintiffs have been seeking to conduct discovery and Defendants' have opposed the request due to the fact that no responsive pleading has been filed and the defendants and issues to be decided in this action have not been settled. Defendants have indicated that they intend to raise the issue of qualified immunity in their motion to dismiss and the parties recognize that failure to exhaust administrative remedies will be a litigated issue for many of the named plaintiffs.

The Court here is faced with a situation where the pleadings have not been settled. While it is not clear at this juncture who the plaintiffs and defendants will be in this action, it does appear based on the decision on the prior motion to dismiss that some of the claims in this action will proceed. The Court finds that consolidating the related actions into this action at the current time will require further delay of the proceedings.

The issues that will be litigated in the anticipated motion to dismiss will significantly define the scope of this litigation. Specifically, the motion to dismiss is expected to address the issue of what is sufficient to state a cognizable claim and whether the defendants are entitled to qualified immunity for their actions. For that reason, the Court finds that litigating the motion to

1  dismiss at this time will assist the parties and the Court in advancing the resolution of this action.
2  Ordering Plaintiffs to file an amended consolidated complaint at this time will cause further delay
3  and uncertainty for the parties.

4      Further, while discovery in this action has not been ordered, the defendants are assisting
5  the plaintiffs in receiving their prison files.  The stay issued in any related actions will not affect
6  plaintiffs ability to obtain their prison records.

7      "The District Court has broad discretion to stay proceedings as an incident to its power to
8  control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997).  This "power to stay
9  proceedings is incidental to the power inherent in every court to control the disposition of the
10 causes on its docket with economy of time and effort for itself, for counsel, and for litigants."
11 Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  The parties are aware that this court is severely
12 impacted and that the caseload per judge is one of the highest in the nation.  The Court has also
13 addressed that Judge O'Neill's criminal caseload must take precedence over civil actions when
14 the time for trial arises.  The court's solution takes into account all these considerations and each
15 of the respective parties rights in making the decision on how these cases should be managed.

16     The Court finds that allowing the parties to litigate the currently scheduled motion to
17 dismiss will provide the parties with the parameters by which this action will proceed.  This will
18 assist the parties and Court in managing the litigation as it proceeds forward.  For the reasons
19 stated, the Court shall exercise its discretion and, by separate order, stay Bates and Robertson
20 until the anticipated motion to dismiss has been resolved.  After an order adopting any findings
21 and recommendations issued by this Court is filed, the Court will consider whether a further stay
22 //
23 //
24 //
25 //
26 //
27
28

of these actions is necessary and the manner by which to amend the consolidated complaint to include Plaintiff Blue and any other plaintiffs that are subsequently consolidated into this action.

Accordingly, the parties shall comply with the December 8, 2014 order setting the motion schedule.

IT IS SO ORDERED.

Dated:  **January 22, 2015**

UNITED STATES MAGISTRATE JUDGE

4