# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAMAR SMITH, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-00060-LJO-SAB<br><br>ORDER DEFERRING RULING ON MOTION TO PERPETUATE TESTIMONY AND REQUIRING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING AND EVIDENCE<br><br>(ECF Nos. 198, 200, 201, 202, 203)<br><br>DEADLINE: JUNE 10, 2016 |

　　　　Currently before the Court is Plaintiff Garland Baker's emergency motion to perpetuate his testimony which is opposed by Defendants. Plaintiff seeks an order under Federal Rule of Civil Procedure 27 to permit his testimony to be taken for use in further proceedings. Rule 27 is available in limited situations where testimony might be lost to a litigant unless it is taken immediately. Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975). It is within the discretion of the court to order the taking of the deposition "if it is satisfied that a failure or a delay of justice may thereby be prevented." In re Yamaha Motor Corp., U.S.A., 251 F.R.D. 97, 98-99 (N.D.N.Y. 2008) (quoting Mosseller v. United States, 158 F.2d 380, 382 (2d Cir.1946)).

　　　　Under Rule 27, the party seeking to perpetuate testimony "must demonstrate a need for the testimony or evidence that cannot easily be accommodated by other potential witnesses, must show that the testimony is relevant, not simply cumulative, and must convince the court that the evidence sought throws a different, greater, or additional light on a key issue." 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 347 (E.D. Pa. 2000) (internal punctuation and citation omitted).

1         Plaintiff Baker is one of a number of plaintiffs who have filed complaints alleging claims due to their exposure to Valley Fever. The Court is aware that this issue may arise in the future due to the number of plaintiffs who are alleging similar medical conditions. Accordingly, the Court finds it appropriate to set forth the expectation for this and any future motions to perpetuate testimony.

       While the burden on Plaintiff to demonstrate the need to perpetuate his testimony is not extraordinarily high, the Court will require something beyond mere hearsay to demonstrate the need for the testimony. Unless the parties stipulate to perpetuate the testimony of a specific plaintiff, the plaintiff's motion should contain competent medical evidence demonstrating the need to perpetuate the testimony. In this instance, Plaintiff has only submitted hearsay statements while Defendants have presented medical evidence indicating that while there was a medical issue which required a shunt revision, Plaintiff's condition appears to be stable.

       Plaintiffs are advised that this Court analyzes the matters brought herein based upon the law and is not swayed by counsel's interpretation of the opinions of judges expressed in other cases. When a motion is raised, relevant legal authority should be provided so that the Court has benefit of Plaintiffs' position under the law. The Court assumes that all counsel who come before it zealously represent their clients. The fact that a counsel objects or requires what they believe the law mandates should not be construed as a larger "conspiracy" to avoid the truth or to obstruct justice. In bringing matters before this Court, the expectation is that counsel will present relevant case law and evidence and not argue counsel's opinion regarding matters not at issue here. The Court takes the matters raised seriously as do the parties here, and the Court is aware it may be required to address similar issues in the future during the pendency of this appeal.

       Based upon this advisement, the Court orders the additional submission of evidence and briefing rather than denying, without prejudice Plaintiff's motion based upon the present record and Plaintiff's burden. If Defendants subsequently determine that Plaintiff will meet his burden without the need for further involvement of the Court, the parties can simply submit a stipulation; otherwise, the court will address the matter by applying the relevant law to the facts as determined by the Court.

Therefore, the Court shall defer ruling on Plaintiff Baker's motion to perpetuate his testimony to allow Plaintiff to present evidence consistent with this order demonstrating the need for the relief requested here.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file supplemental briefing and any additional evidence on or before June 10, 2016;

2. Defendants opposition, if any, shall be filed on or before June 13, 2016; and

3. Further argument on the motion is set for June 14, 2016 at 3:45 p.m. in Courtroom 9.

IT IS SO ORDERED.

Dated:   **June 1, 2016**

UNITED STATES MAGISTRATE JUDGE