# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAMAR SMITH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00060-LJO-SAB<br><br>ORDER VACATING JUNE 14, 2016 HEARING AND GRANTING EMERGENCY MOTION TO PERPETUATE GARLAND BAKER TESTIMONY<br><br>(ECF Nos. 198, 200, 201, 202, 203, 208, 209, 210) |

Currently this action has been dismissed and the order of dismissal is on appeal to the Ninth Circuit. On May 24, 2016, Plaintiff Garland Baker filed an emergency motion to perpetuate his testimony. On May 31, 2016, Defendants filed an opposition to the motion to perpetuate testimony and Plaintiffs filed a reply.

Oral argument on Plaintiff Baker's motion to perpetuate testimony was heard on June 1, 2016. Benjamin Pavone appeared telephonically for Plaintiff Baker and Jon Allin and Maureen Onyeagbako appeared telephonically for Defendants at the June 1, 2016 hearing. Following the hearing an order was filed providing the parties with the opportunity to offer supplemental briefing. On June 10, 2016, Plaintiff Baker filed supplemental briefing in support of his motion to perpetuate his testimony. On June 13, 2016, Defendants filed a supplemental opposition to the motion. The Court finds the matter suitable for decision without additional oral argument. Accordingly, the June 14, 2016 hearing is vacated. Having considered the moving papers and

argument at the June 1, 2016 hearing, the Court shall grant Plaintiff Baker's motion to perpetuate his testimony.

The Federal Rules of Civil Procedure provide that "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. P. 27(b)(1). "If the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35. The depositions may be taken and used as any other deposition taken in a pending district-court action." Fed. R. Civ. P. 27(b)(3).

Rule 27 is available in limited situations where testimony might be lost to a litigant unless it is taken immediately. Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975). It is within the discretion of the court to order the taking of the deposition "if it is satisfied that a failure or a delay of justice may thereby be prevented." In re Yamaha Motor Corp., U.S.A., 251 F.R.D. 97, 98-99 (N.D.N.Y. 2008) (quoting Mosseller v. United States, 158 F.2d 380, 382 (2d Cir.1946)).

Under Rule 27, the party seeking to perpetuate testimony "must demonstrate a need for the testimony or evidence that cannot easily be accommodated by other potential witnesses, must show that the testimony is relevant, not simply cumulative, and must convince the court that the evidence sought throws a different, greater, or additional light on a key issue." 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 347 (E.D. Pa. 2000) (internal punctuation and citation omitted). Courts are most likely to permit discovery under Rule 27 where there are special circumstances that makes the need to perpetuate testimony particularly urgent. Tennison v. Henry, 203 F.R.D. 435, 440-41 (N.D. Cal. 2001). "Among the factors that courts have found to be persuasive in justifying the need to perpetuate testimony are: 1) advanced age or infirmity of witness; 2) the possibility that the witness will not be willing to testify if discovery is delayed; and 3) the uniqueness of the information at issue." Tennison, 203 F.R.D. at 441.

Plaintiff Baker is one of a number of plaintiffs who filed a complaint alleging reckless exposure to dangerous conditions and deliberate indifference to serious medical needs in violation of the Eighth Amendment and negligence under California law due to their exposure to Valley

1    Fever. It is undisputed that Plaintiff Garland Baker has contracted Valley Fever which has
2    progressed to the disseminated from of the disease and has a shunt inside his brain. Plaintiff's
3    counsel submits a declaration in which he states that he was informed that on April 20, 2016,
4    Plaintiff Baker was hospitalized and was not expected to survive. Counsel further contends that
5    Plaintiff Baker has survived and requests that his deposition be taken due to the uncertainty of his
6    health. Plaintiff Baker seeks to preserve his testimony regarding the background of his life, his
7    prison experience, contraction of Valley Fever, treatment, and injuries.

8    In Plaintiff's supplemental memorandum, Plaintiff presents portions of Plaintiffs medical
9    records which show that he has a history of central nervous system coccidioidomyocosis and has
10   underwent a shunt revision due to a malfunction. Defendants proffer the declaration of Dr. Chen
11   who has been treating Plaintiff for the past year and a half. Dr. Chen states that Plaintiff Baker
12   has Valley Fever and hydrocephalus which is a complication that can occur in patients with
13   Valley Fever. Mr. Baker has had a venriculoperitoneal shunt placed to take excess fluid from his
14   brain to relieve the pressure. Mr. Baker began having symptoms of confusion and an unsteady
15   gait and required a shunt revision. His condition has improved. On March 28, 2016, Plaintiff
16   was seen by an infectious disease physician and was found to be confused. Testing was done and
17   he was found to have signs of coccidoides immitis in the cerebral spinal fluid. This resulted in
18   the procedure for a revision of his shunt. Plaintiff Baker has progressively improved and is
19   requesting to return to the general prison yard. Dr. Chen opines that Plaintiff Baker is stable and
20   has returned to his baseline for treating his chronic medical conditions.

21   The evidence before the Court demonstrates that Plaintiff Baker's Valley Fever has
22   progressed to the point in which his brain has been affected. While Dr. Chen states that Plaintiff
23   has currently returned to his baseline, there is a significant risk due to Plaintiff Baker's current
24   medical condition that his testimony will be lost if the Court denies the current motion. The
25   Court notes that this action is currently on appeal and is still at the briefing stage. Therefore, no
26   decision from the appellate court can be expected for quite some time.

27   Plaintiff is seeking to perpetuate his testimony regarding his background, prison
28   experience, contraction of Valley Fever, treatment and injuries. If Plaintiff Baker's health

condition deteriorates further the testimony he seeks to preserve may be lost and such testimony is relevant to the damages he suffered based on the claims brought in this action. The Court finds good cause to grant the motion to perpetuate Plaintiff Baker's testimony.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing set for June 14, 2016 at 3:45 p.m. is VACATED; and
2. Plaintiff Baker's motion to perpetuate his testimony is GRANTED.

IT IS SO ORDERED.

Dated:     **June 14, 2016**

UNITED STATES MAGISTRATE JUDGE